UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MERCEDES MUNOZ,

    Plaintiff,

vs.

SOPHIA OF GATEWAY, LLC d/b/a SUBWAY, and MOHAMMAD SULEMAN, Individually.

    Defendants.

Case No.:

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MERCEDES MUNOZ ("Munoz" or "Plaintiff"), by and through her undersigned attorneys, sues Defendants, SOPHIA OF GATEWAY, LLC d/b/a Subway, a Florida Limited Liability Company ("Subway"), and MOHAMMAD SULEMAN ("SULEMAN"), individually, (collectively referred to as "Defendants") and states as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against Defendants, her former employer, for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3. Defendants are subject to the personal jurisdiction of the United States District Court because they engage in substantial and not isolated activity within this judicial district.

4. Defendants are also subject to the personal jurisdiction of the United States District Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida. Specifically, Defendant Subway's principal place of business is located at 12030 Fairway Isle Drive, Fort Myers, Florida 33913, and SULEMAN is a resident of Lee County.

## FLSA COVERAGE

5. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

6. At all times material, Defendants had gross sales volume of at least $500,000 annually.

7. At all times material, Defendants have and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

8. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of Subway; (b) determine the work schedules for the employees of Subway; and (c) control the finances and operations of Subway, Defendant SULEMAN, is an employer as defined by 29 U.S.C. §201 *et. seq*.

9. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

11. At all times material hereto, the work performed by the Plaintiff was essential to the business performed by Defendants.

## VENUE

12. Venue is proper in the United States District Court for the Middle District of Florida based upon the following:

   a. The unlawful pay practices alleged herein occurred in Naples, Florida, in the Middle District of Florida;

   b. At all times material hereto, Defendant Subway was and continues to be a Florida Limited Liability Company registered with the Florida Department of Corporations, with a Florida Registered Agent and a license to do business within this judicial district; and

   c. Defendants employed Plaintiff in the Middle District of Florida.

## PARTIES

13. At all times material hereto, Plaintiff was a resident of Collier County, Florida, in the Middle District of Florida.

14. Defendant Subway was, and continues to be, a Florida Limited Liability Company engaged in the transaction of business in Lee and Collier Counties, Florida, with its principal place of business located in Fort Myers, Florida.

15. Upon information and belief, at all times material to this action, Defendant SULEMAN was, and continues to be, a resident of Lee County, Florida.

## STATEMENT OF CLAIM
## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

16. Plaintiff realleges Paragraphs 1 through 15 as if fully stated herein.

17. At all times material hereto, Defendants owned and operated three Subway franchise locations in Lee and Collier Counties.

18. Defendants hired Plaintiff on or around October 9, 2017. Plaintiff was hired

by Defendants to work in the Subway store located at 50 Wilson Boulevard S, Naples, FL 34117.

19. Plaintiff's employment ceased on or about December 24, 2019.

20. While employed, Plaintiff was paid on an hourly basis.

21. Beginning with the date of Plaintiff's hire in October 2017 and continuing through December 24, 2019, Plaintiff worked hours and workweeks in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

22. Plaintiff is entitled to be paid at the rate of time and one-half her regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

23. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

24. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendants' failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

25. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is also entitled to liquidated damages pursuant to the FLSA.

26. Due to the unlawful acts of Defendants, Plaintiff has suffered damages in the form of unpaid overtime wages, plus liquidated damages in an equal amount.

27. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that final judgment be entered in her favor against Defendants as follows:

a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in amounts according to proof;

c. Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

**Dated: January 8, 2020**

Respectfully submitted,

By: /s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Conor P. Foley
Fla. Bar No. 111977
**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL   33901
**Phone:** (239) 334–7017
**Fax:**   (239) 236–8008
**Email:**   Jason@Gunterfirm.com
**Email:**   Conor@Gunterfirm.com